SAMUEL, Judge.
On March 1, 1974 plaintiff instituted this suit to enforce a judicial mortgage. His *867 petition alleges: On October 29, 1968 he obtained a now final judgment against the defendant herein in the sum of $87,500, with interest and attorney’s fees; on January 24, 1972 he caused that judgment to be recorded in the mortgage records of the parish; at the time of the recordation the defendant was the owner of record of an undivided interest in a certain portion of ground in the City of Kenner (the petition contains a detailed description of that immovable property) ; and that on December 28, 1971 the defendant acquired an additional undivided interest in the described property from the succession of his father, Louis Cavallino, which additional interest is presently owned by John J. Cavallino.
The petition prays for a writ directing the sheriff to seize the described property, for service of notice of the seizure on the defendant and on John J. Cavallino, for a sale of said property, and that the amount due plaintiff on the aforesaid $87,500 judgment be paid to him from the proceeds of that sale.
The defendant filed an answer admitting all of the petition’s allegations and praying for judgment in favor of the plaintiff and against himself. The record contains no indication of any service on John J. Caval-lino and he has made no appearance herein.
After a trial on the merits, there was judgment in favor of the defendant and against the plaintiff, dismissing plaintiff’s suit at his cost. Plaintiff has appealed. With the exception of the fact that he has filed an affidavit in this court stating he acknowledges and admits all of the facts pleaded in plaintiff’s petition and again seeks and prays for judgment in favor of plaintiff in this matter, the defendant has made no appearance in this court. In the trial court both plaintiff and defendant appeared in proper person and in this court plaintiff continues to appear in proper person.
The record on appeal contains no testimony. Insofar as evidentiary matters are concerned, the record contains only a certified copy of a judgment in the Succession of Louis Cavallino, No. 140-136 of the docket of the 24th Judicial District Court, authorizing the executor of that succession to sell the one-half interest owned by the decedent in the property described in plaintiff’s petition to John J. Cavallino and a certified copy of a cash act of sale of the same property by the executor and various named members of the Cavallino family, other than the defendant herein, to John J. Cavallino. To the act of sale are attached mortgage and conveyance certificates in the names of the vendors and Vincent Cavallino. In addition, lodged with the record on appeal is what appears to be the entire trial record in the aforesaid Succession of Louis Cavallino. We note that the mortgage certificate annexed to the act of sale lists 23 liens and mortgages against the defendant, the last of which is plaintiff’s $87,500 judgment involved in this suit. The record contains no indication of how either the above mentioned documentary matters or the record in the Succession of Louis Cavallino were introduced into evidence and, indeed, no clear indication that the same actually were introduced.
Considering only the condition of the record on appeal, particularly in view of the fact that the only purported evidence contained therein is not properly before us and, more especially that, except by plaintiff allegation and by the defendant’s apparently self serving admission thereof,[1] the record completely fails to establish the defendant’s ownership of any interest in the property in suit, we are unable to grant the plaintiff the relief he seeks. Under these circumstances, we could remand the matter to the trial court to give him an opportunity to offer the necessary proof and we have considered a remand primarily be *868 cause plaintiff was not represented by-counsel. However, we decide against a remand because plaintiff cannot obtain the relief he seeks in any event.
The petition quite clearly seeks to have all of the described property, including the interest therein of John J. Cavalli-no, sold and plaintiff paid to the extent of his judgment out of that sale. While plaintiff may have the right to seize and sell an undivided interest in the property owned by the defendant, if in fact the defendant does own such an interest, for the purpose of satisfying plaintiff’s judgment against the defendant, he certainly has no right to seize and sell the property of others for the purpose of satisfying that judgment.[2]
For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

. We note the allegations and admissions are simply as to “an undivided interest” and do not mention the extent of that interest.

. See LSA-C.C.P. Art. 2291.